IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MILTON LEE,                        )
                                   )
            Plaintiff,             )
                                   )
v.                                 )
                                   )   Case No. 10-4126-CM
                                   )
CITY OF TOPEKA                     )
and                                )
OFFICER KARR,                      )
                                   )
            Defendants.            )
_____)

## MEMORANDUM AND ORDER

Plaintiff brings this action, proceeding pro se and *in forma pauperis*, alleging violations of 42 U.S.C. § 1983 against the City of Topeka and one of its police officers, an Officer Karr.[1]  Defendants filed a motion to dismiss (Doc. 11), alleging plaintiff failed to state a valid claim for relief.  For the reasons set forth below, the court grants defendants' motion and dismisses this lawsuit.

**I.      Factual Background**

Plaintiff's complaint makes the following two factual allegations:

> On July 4, 2010, Officer Karr arrested [plaintiff] for Aggravated Assault.
> On July 5, 2010, a Shawnee County Judge determined there was no
> probable cause and released [plaintiff] from custody.

(Doc. 1, at 3.)  Based on these facts, plaintiff alleges defendants violated his civil rights and seeks two million dollars in damages.

**II.     Legal Standard**

---

[1] Defendant Karr's first name is unknown.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008). "'Plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the [plaintiff 'has] not nudged [his] claims across the line from conceivable to plausible.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Under this standard, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court assumes as true all well-pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

When, as here, a plaintiff is proceeding pro se, the court construes his or her pleadings liberally and holds the pleadings to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001). Liberal construction does not, however, "'relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based.'" *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991) (quotations omitted)). The court need not accept as true those allegations that state only legal conclusions. *See id*.

## III. Discussion

To sustain a cause of action based on 42 U.S.C. § 1983, a plaintiff must establish two elements: (1) that he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) that the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see Baker v. McCollan*, 443 U.S. 137, 140 (1979) (finding a necessary inquiry in any § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States); *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) (holding that individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation). To establish a municipality is liable under section 1983, a plaintiff must point to a municipal policy or custom that inflicted the alleged injury. *Bowen-Soto v. City of Liberal, Kan.*, No. 08-1171-MLB, 2010 WL 4643350, at *3 (D. Kan. Nov. 09, 2010).

The Fourth Amendment, and its common-law antecedents, govern the standards and procedures for arrest and detention and set forth probable cause as the standard for arrest. *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975). To protect against unfounded invasions of liberty, the existence of probable cause must be decided by a neutral magistrate, when possible. *Id*. at 112. Due to practical considerations, however, it is not always possible to have a neutral review of the factual justification for probable cause prior to an arrest. *Id*. at 113. Thus, "a policeman's on-the-scene assessment of probable cause provides legal justification for arresting a person suspected of crime, and for a brief period of detention to take the administrative steps incident to arrest." *Id*.; *see also Young v. Davis*, 554 F.3d 1254, 1257 (10th Cir. 2009) ("In a warrantless arrest situation, 'the Fourth Amendment

requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest.'") (quoting *Gerstein*, 420 U.S. at 113−14").

Recognizing that some delays are inevitable, the United States Supreme Court has found that, as a general matter, a plaintiff's Constitutional rights are not violated if a judicial determination of probable cause is held within 48 hours of the arrest. *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991). Of course, there are exceptions. An individual's rights may be violated—even if the hearing is held within 48 hours—if the individual can prove that his or her probable cause determination was delayed unreasonably. *Id*. at 57. Unreasonable delay occurs when the delay is for the purpose of gathering additional evidence to justify the arrest, motivated by ill will against the individual, or delay for delay's sake. *Id*. (noting these exceptions and recognizing that delays are reasonable when they are for "transporting arrested persons from one facility to another, handling late-night bookings where no magistrate is readily available, obtaining the presence of an arresting officer who may be busy processing other suspects or securing the premises of an arrest, and other practical realities").

Plaintiff's complaint fails to allege that he suffered a Constitutional deprivation. He was arrested on July 4, had his probable cause hearing on July 5, and was released that day. Because plaintiff received a judicial determination of probable cause within 48 hours, he bears the burden to prove the delay was unreasonable. He has not alleged any facts to support an unreasonable delay or that defendant had a policy or custom that caused him injury.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 10) is granted.

Dated this 27 day of December 2010, at Kansas City, Kansas.

                                                        s/Carlos Murguia
                                                       **CARLOS MURGUIA**
                                                       **United States District Judge**