IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MILTON LEE,                              )
                                         )
            Plaintiff,                   )
                                         )
v.                                       )
                                         )   Case No. 10-4126-CM
                                         )
CITY OF TOPEKA                           )
and                                      )
OFFICER KARR,                            )
                                         )
            Defendants.                  )
                                         )

## MEMORANDUM AND ORDER

Plaintiff brings this action, proceeding *pro se* and *in forma pauperis*, alleging violations of 42 U.S.C. § 1983 against the City of Topeka and one of its police officers, an Officer Karr.[1] Defendants filed a motion to dismiss (Doc. 10), alleging plaintiff failed to state a valid claim for relief. The court granted the motion (Doc. 13). Plaintiff now requests that the court reconsider its order granting defendants' motion. (Doc. 14). For the reasons set forth below, the court grants plaintiff's motion.

**I.  Legal Standard**

In his Complaint, plaintiff states he is bringing a claim based on 42 U.S.C. § 1983. He makes two factual allegations:

> On July 4, 2010, Officer Karr arrested [plaintiff] for Aggravated Assault. On July 5, 2010, a Shawnee County Judge determined there was no probable cause and released [plaintiff] from custody.

(Doc. 1, at 3.)

---

[1] Defendant Karr's first name is unknown.

Defendant moved to dismiss plaintiff's claim for failure to state a claim, arguing that (1) plaintiff failed to comply with Fed. R. Civ. P 8(a)(2) and (2) plaintiff's constitutional rights were not violated because he received a judicial determination of probable cause within 48 hours of his detention. Plaintiff's only response to the motion was, "[t]he complaint alleges a deprivation of liberty without probable cause in Violation of the Fourteenth and Fourth Amendments of the U.S. Constitution." (Doc. 12, at 1.) He did not explain that defendants' understanding of his claims was incorrect. He never informed defendants or the court that the alleged violation was based on his arrest and not his detention.

Based on the information before it, the court agreed with defendants that plaintiff failed to state a claim based on his detention, granted the motion to dismiss, and closed the case. Now, after the court has dismissed plaintiff's claims, plaintiff wants to re-characterize or clarify his allegations to assert that he was arrested without probable clause.

## II.     Legal Standard

Plaintiff moves for reconsideration under Fed. R. Civ. P. 60, arguing that "the court mistook the complaint to be alleging a violation of a judicial determination of probable cause when the complaint is alleging an arrest without probable cause." (Doc. 23, at 1.) Under Rule 60(b)(1), the court may relieve a party from final judgment when the "judge has made a substantive mistake of law or fact in the final judgment or order." *Utah ex rel. Div. of Forestry, Fire & State Lands v. United States*, 528 F.3d 712, 723 (10th Cir. 2008) (internal quotations omitted). Whether to grant or deny a motion for reconsideration is committed to the court's discretion; however, "'[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances.'" *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996) (quoting *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990)).

**III. Discussion**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008). "'Plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the [plaintiff 'has] not nudged [his] claims across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

The purpose of the plausibility requirement is not only to weed out meritless claims, but also to inform the defendants of the grounds of the claim against them. *Id.* at 1248. Thus, a plaintiff's allegations must "give the defendants notice of the theory under which [his or her] claim is made." *Id.* at 1249; *see also* Fed. R. Civ. P. 8. Because they are often complex, § 1983 claims against individual government actors pose a greater likelihood of failures in notice and plausibility. *Id.* "Without allegations sufficient to make clear the 'grounds' on which the plaintiff is entitled to relief, it would be impossible for the court to perform its function of determining, at an early stage in the litigation, whether the asserted claim is clearly established." *Id.* (internal citation omitted).

Courts have held that a "'*pro se* litigant bringing suit *in forma pauperis* is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment can cure the defect.'" *Winters v. Kansas Dept. of Soc. and Rehab. Servs.*, No. 10-2181-JAR-DJW, 2011 WL 166708, at *11 (D. Kan. Jan. 19, 2011) (quoting *Denton v. Hernandez,* 504 U.S.

25, 34 (1992)). Although, the court need not grant leave if amendment would be futile. *Winters*, 2011 WL 166708, at *11.

When considering defendant's motion to dismiss, the court did not discuss giving plaintiff an opportunity to amend because amending the complaint would have been futile—plaintiff made no argument why his detention awaiting a judicial probable cause determination was unreasonable. Nor did he inform the court or the parties that his claim was not based on the detention.

Now, in his Motion to Reconsider, plaintiff explains that he is alleging that Officer Karr's arrest of plaintiff violated plaintiff's constitutional rights because Officer Karr lacked probable cause at the time of the arrest. This is a perfect example of why a plaintiff's allegations must "give the defendants notice of the theory under which [his] claim is made." *Robbins*, 519 F.3d at 1249. Defendants filed a motion to dismiss plaintiff's claims as they understood the claims based on the Complaint, plaintiff did not refute defendant's understanding of his claims, and the court ruled on the motion. Plaintiff's actions have caused a waste of time and resources for the court and defendants.

Despite plaintiff's failure to adequately allege his claims and his failure to appropriately respond to defendants' motion to dismiss, the court recognizes that it misunderstood plaintiff's alleged cause of action. Because the court construes plaintiff's claims liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it will reconsider its order granting defendants' Motion to Dismiss.

In their Motion to Dismiss, defendants argue that plaintiff failed to state a claim because he has not provided sufficient allegations to establish plausibility and fair notice. For the reasons discussed above, the court agrees. Plaintiff's complaint is unclear; however, plaintiff is entitled an opportunity to amend the complaint because it is possible that an amendment would cure the defect in his Complaint.

For the above reasons, and consistent with the tenet that courts prefer to decide cases on their merits rather than technicalities, *see, e.g., Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456

(10th Cir. 1982), the court will allow plaintiff an opportunity to amend his Complaint to allege facts sufficient to support a claim based on Officer's Karr's arrest of plaintiff.[2] Plaintiff must seek leave to amend his Complaint no later than March 1, 2011. If plaintiff fails to seek leave to amend his Complaint, his claims will be dismissed for failure to state a claim without further notice.

Plaintiff must follow this court's rules for motions to amend, specifically District of Kansas Rule 15.1, which requires that the proposed amended complaint be attached to the motion for leave to amend. Additionally, the proposed amended complaint must follow the standards discussed above; plaintiff must to set forth allegations sufficient to show his claims are plausible and provide defendants with fair notice of the claims he is alleging against them.

**IT IS THEREFORE ORDERED that Plaintiff's Motion to Reconsider (Doc. 14) is granted. The clerk is directed to reopen the case, and the judgment entered on January 5, 2010 shall be set aside. Plaintiff must seek leave to amend his Complaint no later than March 1, 2011. If plaintiff fails to seek leave to amend his Complaint, his claims will be dismissed for failure to state a claim without further notice.**

Dated this 18th day of February 2010, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA
United States District Judge**

---

[2] To the extent plaintiff is alleging claims based on his July 4−5, 2010 detention, the Complaint fails to allege that he suffered a constitutional deprivation. Such claims are dismissed for the reasons explained in the court's December 27, 2010 Memorandum and Order (Doc. 13).