IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MILTON LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-4126-CM |
| | ) |
| CITY OF TOPEKA, et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This case comes before the undersigned U.S. Magistrate Judge, James P. O'Hara, on the motion of the pro se plaintiff, Milton Lee, for leave to amend his complaint **(doc. 30)**. The defendants, City of Topeka and Officer Karr,[1] filed a response (doc. 31), and plaintiff filed a reply (docs. 32, 33). For the reasons discussed below, the undersigned recommends that the presiding U.S. District Judge, Carlos Murguia, deny plaintiff's motion and dismiss this action.

**I.    Background**

On October 6, 2010, plaintiff filed his original complaint alleging violations of 42 U.S.C. § 1983 relating to his July 4, 2010 arrest (doc. 1). On December 27, 2010, Judge Murguia granted defendants' motion to dismiss for failure to state a valid claim for relief

---

[1]Plaintiff did not list Officer Karr's first name in his original complaint, but discusses Officer Nicole Karr in his proposed amended complaint (doc. 30-1).

(doc. 13). Judge Murguia found that plaintiff's complaint failed to allege that he suffered a constitutional deprivation because it did not set forth facts to support a finding that his judicial probable cause hearing was unreasonably delayed.

Plaintiff then filed a motion for reconsideration of the order (doc. 14). Plaintiff argued that his complaint alleged that his *arrest* was without probable cause; he was not asserting a claim based on his detention. On February 22, 2011, Judge Murguia granted plaintiff's motion for reconsideration (doc. 24). Judge Murguia recognized that despite plaintiff's failure to adequately allege his claim and his failure to appropriately respond to defendants' motion to dismiss, the court misunderstood his alleged cause of action. Judge Murguia ordered the clerk to reopen the case and granted plaintiff an opportunity to seek leave "to amend his Complaint to allege facts sufficient to support a claim based on Officer Karr's arrest of plaintiff."[2] Judge Murguia stated, "plaintiff must [] set forth allegations sufficient to show his claims are plausible and provide defendants with fair notice of the claims he is alleging against them."[3]

Plaintiff's motion for leave to amend his complaint and his proposed amended complaint are now before the court.[4] Plaintiff's proposed amended complaint consists of a

---

[2]Doc. 24 at 5.

[3]*Id.*

[4]Judge Murguia's February 22, 2011 order granted plaintiff until March 1, 2011, to file a motion for leave to amend his complaint. However, because plaintiff informed the court that he never received a copy of the order prior to the deadline, the undersigned granted plaintiff until June 15, 2011, to file a motion and proposed amended complaint consistent with the guidelines set forth by Judge Murguia. *See* doc. 28.

single count: that his Fourth and Fourteenth Amendment rights were violated when Officer Karr arrested him without probable cause.[5] Defendants oppose the motion, asserting that under the facts alleged in the proposed amended complaint, Officer Karr had probable cause to arrest plaintiff.

## II.  Legal Standards

Fed. R. Civ. P. 15(a)(2) directs the court to freely give leave to amend a complaint "when justice so requires." Nonetheless, a court may deny leave to amend when, among other things, amendment would be futile.[6] "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[7] In considering whether a proposed amendment is futile, the court uses the same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[8] As Judge Murguia set forth in his order,

---

[5] In a document titled "Memorandum in Support of Plaintiff's Reply," plaintiff for the first time sets forth facts related to his subsequent prosecution and asks the court to "declare that plaintiff has been subject to double jeopardy and to malicious prosecution in these matters." Doc. 33 at 2. A request to add claims for double jeopardy and malicious prosecution was not included in plaintiff's motion for leave to amend his complaint, nor in plaintiff's proposed amended complaint. Moreover, Judge Murguia only granted plaintiff an opportunity to seek leave to amend his complaint "to allege facts sufficient to support a claim based on Officer Karr's arrest of plaintiff." Doc. 24 at 5. Thus, plaintiff's request to add claims for double jeopardy and malicious prosecution is not properly before the court and will not be considered.

[6] *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[7] *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

[8] *Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1158 (D. Kan. 2000).

> To survive a motion to dismiss under Rule 12(b)(6), a complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008).[9]

The court accepts all well-pleaded factual allegations in the proposed amended complaint as true and views the facts in the light most favorable to the plaintiff.[10] In determining whether the proposed amendment would withstand a motion to dismiss, the court's role is not to weigh potential evidence, but to assess whether the proposed amended complaint alone is legally sufficient to state a claim for which relief may be granted. When, as here, a plaintiff is proceeding pro se, the court construes his pleadings "liberally" and holds his complaint "to a less stringent standard than formal pleadings drafted by lawyers."[11] Liberal construction does not, however, "relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[12]

To sustain a § 1983 claim that he was wrongly arrested, plaintiff must establish (1) that he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) that the deprivation was caused by a person acting

---

[9] Doc. 24 at 3.

[10] *Green v. Auto Pro of Okla. LLC*, 345 F. App'x 339, 342 (10th Cir. 2009).

[11] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

[12] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

under color of law.[13] While not taking issue with the second element,[14] defendants argue that plaintiff's proposed amended complaint cannot support a finding under the first element because the facts alleged indicate that Officer Karr had probable cause to make the arrest. Plaintiff's proposed wrongful arrest claim must be premised on a lack of probable cause.[15]

"Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense."[16]  Probable cause is evaluated from "'the circumstances as they would have appeared to prudent, cautious and trained police officers'" at the time of the arrest.[17]

## III.    Discussion

---

[13]*West v. Atkins*, 487 U.S. 42, 48 (1988).

[14]Defendants do not dispute that Officer Karr was acting under color of state law when she arrested plaintiff.

[15]*Hoffman v. Martinez*, 92 F. App'x 628, 631 (10th Cir. 2004); *See also Cottrell v. Kaysville City, Utah*, 994 F.2d 730, 733 (10th Cir. 1993) ("A plaintiff may recover damages under § 1983 for wrongful arrest if she shows she was arrested without probable cause.") .

[16]*Kee v. Ahlm*, 219 F. App'x 727, 731 (10th Cir. 2007) (quoting *Johnson v. Lindon City Corp.,* 405 F.3d 1065, 1068 (10th Cir.2005)).  *See also Cottrell*, 994 F.2d at 733–34 ("Probable cause, in turn, is present if 'at the moment the arrest was made . . . the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.'" (quoting *Adams v. Williams*, 407 U.S. 143, 148 (1972) (modifications to quotation in *Cottrell*))); K.S.A. 22-2401(c) (stating that a law enforcement officer may arrest a person if the officer has probable cause to believe that the person is committing or has committed a felony).

[17]*Kee*, 219 F. App'x at 731 (quoting *United States v. Davis*, 197 F.3d 1048, 1051 (10th Cir.1999)).

Accepting the allegations pled in plaintiff's proposed amended complaint as true and viewing the facts in the light most favorable to plaintiff, the court nonetheless finds that the proposed amended complaint fails to state a claim for wrongful arrest. The facts, as pled, indicate that Officer Karr had probable cause to arrest plaintiff.

Officer Karr arrested plaintiff for violation of the Kansas aggravated assault statute, which criminalizes using a deadly weapon to "intentionally plac[e] another person in reasonable apprehension of immediate bodily harm."[18] Plaintiff's proposed amended complaint states that William Kelso told Officer Karr that plaintiff "pointed a knife at him and told him to get on the porch where Amanda Tilley and her kids were or he would kill him."[19] Accepting this allegation as true, and in the absence of alleged witness statements or circumstances that materially contradicted Mr. Kelso's statement, the court finds that Officer Karr had probable cause to arrest plaintiff based on the statement.[20] Plaintiff notes that the proposed amended complaint also alleges that "Amanda Tilley told [Officer Karr] that she and her kids were not on the porch and did not witness anything."[21] But whether Ms. Tilley and her children where or where not on the porch has no bearing on whether plaintiff

---

[18] K.S.A. 21-3410 (citing the definition of "assault" found in K.S.A. 21-3408).

[19] Doc. 30-1.

[20] *See Robertson v. Las Animas Cnty. Sheriff's Dep't*, 500 F.3d 1185, 1191 (10th Cir. 2007) (statements by firsthand witnesses that arrestee committed a crime were enough to give officer probable cause for arrest); *Kee*, 219 F. App'x at 732 (finding probable cause for arrest where witness's factual statement to officer indicated that elements of crime were established).

[21] Doc. 30-1.

threatened Mr. Kelso's life with a knife. Thus, Ms. Tilley's statement would not influence a reasonable officer's determination that plaintiff committed a crime. "[P]robable cause does not require certainty of guilt or even a preponderance of evidence of guilt, but rather only reasonably trustworthy information that would lead a reasonable person to believe an offense was committed."[22]

Plaintiff's proposed amended complaint also alleges that at his first judicial appearance the morning following his arrest, a Shawnee County, Kansas, District Court Judge made a determination that the arrest was without probable cause and released him from custody.[23] The court's research, however, has not uncovered any case that would support a finding that a determination of no probable cause at the initial criminal appearance has an effect (preclusive, persuasive, or otherwise) in this civil action.[24]

---

[22]*Kee*, 219 F. App'x at 732 (quoting *United States v. Patane*, 304 F.3d 1013, 1018 (10th Cir. 2002)).

[23]*See* doc. 27-1.

[24]*Cf. Hughes v. Sedgwick Cnty. Sheriff*, No. 08-3006, 2011 WL 112050, at *2 (D. Kan. Jan. 13, 2011) ("The mere fact that plaintiff was not thereafter charged with a crime is not determinative as to whether there was probable cause for an arrest."). Defendants note that after plaintiff's initial criminal appearance, a formal complaint was filed against him and the state court entered a finding of probable cause of aggravated assault at the preliminary hearing. A probable cause determination made at a preliminary hearing is prima facie evidence of probable cause which can only be overcome by a preponderance of the evidence to the contrary. *See Thompson v. City of Lawrence, Kan.*, 58 F.3d 1511, 1515 (10th Cir. 1995) ("Under Kansas law, the determination of probable cause at a preliminary hearing is prima facie evidence of probable cause, which may be overcome by a preponderance of the evidence."); *Price v. Cochran*, 205 F. Supp. 2d 1241, 1248 (D. Kan. 2002) ("If a judge makes a determination of probable cause at a preliminary hearing, such determination serves as prima facie evidence of probable cause under Kansas law. To rebut such evidence, a plaintiff must show that the officers lacked probable cause by a preponderance of the

## IV. Recommendation

The undersigned finds, after considering the facts pled in the proposed amended complaint in the light most favorable to plaintiff, that permitting amendment would be futile because the amended complaint would be subject to dismissal for failure to state a claim. The facts pled support a finding that Officer Karr had probable cause to arrest plaintiff. Accordingly, the undersigned recommends that plaintiff's motion for leave to amend his complaint be denied. Because the denial of amendment would leave no claims remaining in this case, the undersigned further recommends that judgment be entered for defendants and the case dismissed.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this report and recommendation, he may, pursuant to Fed. R. Civ. P. 72, file written objections to the report and recommendation. Plaintiff must file any objections within the 14-day period if he wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If plaintiff does not timely file his objections, no court will allow appellate review.

---

evidence." (citations omitted)). However, in ruling on a motion to amend the complaint or a motion to dismiss for failure to state a claim, the court's review is limited to the pleadings. *See Lewis v. Phropher*, No. 08-2403, 2009 WL 722027, at *3 (D. Kan. March 18, 2009). Therefore, the court will not consider the (unpled) subsequent judicial proceedings in the criminal action against plaintiff. Evidence of such proceedings is more appropriately raised in a motion for summary judgment. The court notes that if plaintiff is convicted of aggravated assault at his upcoming trial in state court, plaintiff may be precluded from challenging the lawfulness of his arrest in a § 1983 action. *See Palmer v. Unified Gov't of Wyandotte Cnty./Kan. City, Kan.*, 72 F. Supp. 2d 1237, 1245 (D. Kan. 1999).

Dated July 28, 2011, at Kansas City, Kansas.

                                     s/James P. O'Hara
                                    James P. O'Hara
                                    U. S. Magistrate Judge