## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MILTON LEE,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**CITY OF TOPEKA and** )<br>**OFFICER KARR,** )<br>)<br>**Defendants.** )<br>_____) | **Case No. 10-cv-4126-CM/JPO** |

## MEMORANDUM AND ORDER

This case comes before the court on its review of the magistrate judge's report and recommendation regarding plaintiff's motion for leave to amend his complaint (Doc. 34). The magistrate judge reviewed the applicable briefs and recommends denying plaintiff leave because the proposed amendment would be futile. Plaintiff timely filed objections (Doc. 35). Accordingly, this court conducts a *de novo* review of the portion of the report and recommendation to which plaintiff objects. Fed. R. Civ. P. 72(b). After reviewing the report and recommendation, briefs, evidence, and applicable law, the court overrules plaintiff's objections and adopts the report and recommendation.

### I.      PROCEDURAL BACKGROUND

Plaintiff is proceeding *pro se* and originally brought a 42 U.S.C. § 1983 claim against the City of Topeka and Officer Karr arising from his July 4, 2010 arrest. Defendants filed a motion to dismiss for failure to state a claim. The court granted defendants' motion because plaintiff's complaint failed to set forth facts that would support a finding that plaintiff's July 5, 2010 judicial probable cause hearing was unreasonably delayed. Plaintiff filed a motion for reconsideration arguing that his complaint alleged that his <u>arrest</u> was without probable cause and that he was not asserting a claim based on his detention. Based on this clarification, the court granted plaintiff's motion, reopened the

case, and allowed plaintiff until March 1, 2011, to file a motion for leave "to amend his Complaint to allege facts sufficient to support a claim based on Officer Karr's arrest of plaintiff."  (Doc. 24 at 5.) The March 1, 2011 deadline was subsequently extended until June 15, 2011.

Plaintiff moved for leave to amend on June 1, 2011.  His proposed amendment includes the following factual allegations:

> On July 4, 2010, Officer Nicole Karr, Topeka Police Department arrested Milton Lee based on the allegations of William Kelso who told her that Milton Lee pointed a knife at him and told him to get on the porch where Amanda Tilley and her kids were or he would kill him after Amanda Tilley told her that she and her kids were not on the porch and did not witness anything.

(Doc. 30-1.)  The magistrate judge concluded that plaintiff's proposed amendment would be futile because Officer Karr would still have probable cause to arrest plaintiff regardless of whether Ms. Tilley and her children were on the porch.  (Doc. 34 at 6–7.)  Plaintiff objects to the magistrate judge's conclusion and argues that Ms. Tilley's statement materially contradicts Mr. Kelso's statement and therefore removes Officer Karr's probable cause to arrest plaintiff.

## II.     ANALYSIS

Plaintiff seeks leave to amend under Rule 15(a) of the Federal Rules of Civil Procedure, which allows parties to amend pleadings "when justice so requires."  A court may still deny leave to amend, however, when the proposed amendment would be futile.  *Bauchman v. W. High Sch.*, 132 F.3d 542, 559 (10th Cir. 1997) (internal citations omitted).  An amendment is futile when it would be subject to a motion to dismiss for failure to state a claim.  *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).  In evaluating a motion to dismiss for failure to state a claim, the complaint must set forth factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

In this case, plaintiff's proposed amended complaint alleges that the City of Topeka and Officer Karr violated his Fourth and Fourteenth Amendment rights by arresting him without probable cause on July 4, 2010.  To sustain this claim, which arises under 42 U.S.C. § 1983, plaintiff must allege facts that, if assumed true, plausibly show that he was arrested without probable cause.  *Cottrell v. Kaysville City*, 994 F.2d 730, 733 (10th Cir. 1993) ("A plaintiff may recover damages under 1983 for wrongful arrest if she shows she was arrested without probable cause.").  Probable cause exists when "the facts and circumstances within the arresting officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense."  *Id.* at 733–734 (quoting *Adams v. Williams*, 407 U.S. 143, 148 (1972)); *see also* K.S.A. 22-2401(c) (authorizing a law enforcement officer to arrest a person if the officer has probable cause to believe that the person is committing or has committed a felony).

The report and recommendation concludes that the facts as pleaded support a finding that Officer Karr had probable cause to arrest defendant.  Plaintiff objects to this finding and argues that Ms. Tilley's statement materially contradicts Mr. Kelso's statement and, therefore, renders Mr. Kelso's statement not reasonably trustworthy.  Plaintiff mischaracterizes the extent of the contradiction.  Specifically, plaintiff alleges that Officer Karr arrested him based on the allegations of Mr. Kelso "who told her that [plaintiff] pointed a knife at him and told him to get on the porch where Amanda Tilley and her kids were or he would kill him[.]"  (Doc. 30-1 at 1.)  Plaintiff further alleges that Ms. Tilley told Officer Karr that "she and her kids were not on the porch and did not witness anything."  (*Id.*)  Assuming that both statements are true, Officer Karr still had probable cause to arrest plaintiff because there is not a witness statement or other evidence that materially contradicts Mr. Kelso's statement about being threatened with a knife.  Instead, the only facts contradicted by Ms.

Tilley's statement are that she and her children were not on the porch and did not witness anything. This situation is far different from Ms. Tilley stating that she was on her porch, that plaintiff never threatened Mr. Kelso, and that plaintiff never pulled a knife on Mr. Kelso. Accordingly, Officer Karr still had reasonably trustworthy information that would lead a reasonable person to believe an offense was committed.

Because Officer Karr had probable cause to arrest plaintiff even if all facts in plaintiff's amended complaint are assumed true, plaintiff fails to establish any facts that raise his right to relief above the speculative level. Therefore, his amended complaint is futile as it would be subject to a motion to dismiss for failure to state a claim. Accordingly, the court overrules plaintiff's objection and adopts the report and recommendation. There are no claims currently pending, so all pending motions are deemed moot.[1]

**IT IS THEREFORE ORDERED** that plaintiff's Objection to Report and Recommendation (Doc. 35) is overruled. The court adopts the Magistrate Judge's Report and Recommendation (Doc. 34).

**IT IS FURTHER ORDERED** that plaintiff's Motion to Amend Complaint (Doc. 30) is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to Amend Complaint (Doc. 38), plaintiff's Second Motion for Leave to Amend Complaint (Doc. 39), plaintiff's Motion for Injunction (Doc. 40), and plaintiff's Motion for Leave to Amend Complaint (Doc. 42) are denied as moot.

---

[1] In a document titled "Memorandum in Support of Plaintiff's Reply," plaintiff alleges that "Defendants actions in amending the complaint on April 7, 2011, clearly evidence double jeopardy and a malicious prosecution." (Doc. 33 at 2.) Plaintiff also filed a series of motions for leave to amend to add additional defendants and a malicious prosecution claim (Docs. 38, 39, and 42). These amendments are not properly before the court because they exceed the scope of the amendment allowed by the court in its February 22, 2011 order and because plaintiff failed to seek leave for these amendments by the June 15, 2011 deadline.

Dated at this 8th day of September, 2011, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
United States District Judge