IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MILTON LEE,** | ) |
| | ) |
|         **Plaintiff,** | ) |
| | ) |
| v. | )    Case No. 10-cv-4126-CM/JPO |
| | ) |
| **CITY OF TOPEKA and** | ) |
| **OFFICER KARR,** | ) |
| | ) |
|         **Defendants.** | ) |
| _____ | ) |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion for reconsideration (Doc. 46). Plaintiff is proceeding *pro se* and *in forma pauperis*. On June 1, 2011, plaintiff moved this court for leave to amend his complaint. The magistrate judge concluded that plaintiff's proposed amendment would be futile and recommended denying plaintiff's motion. Plaintiff timely objected to the magistrate judge's report and recommendation, and defendant filed a response. After conducting a *de novo* review, this court adopted the report and recommendation on September 8, 2011. Judgment was entered on September 9, 2011. Plaintiff asks this court to reconsider the September 8, 2011 order. Plaintiff argues that he did not receive defendant's response to plaintiff's objection and that "he has a right to make a Reply to Defendant's Response and that such Reply would have made an opportunity for the Plaintiff to submit further evidence in Objection to the Magistrate Report and Recommendation." (Doc. 46 at 1.)

Under the local rules, a motion to reconsider a dispositive order or judgment must be filed pursuant to Federal Rule of Civil Procedure 59(e) or 60.[1] D. Kan. Rule 7.3. Plaintiff filed his motion within twenty-eight days of judgment, so his motion is considered a motion to alter or amend a

---

[1] The court must construe a *pro se* plaintiff's pleadings liberally and is not bound by his characterization of the requested relief. *Roman-Nose v. N.M. Dep't of Human Res.*, 967 F.3d 435, 436–37 (10th Cir. 1992).

-1-

judgment under Federal Rule of Civil Procedure 59(e).  A motion to alter or amend a judgment must be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice.  *Tindall v. Freightquote.com, Inc.*, No. 10-2364-EFM, 2011 U.S. Dist. LEXIS 98082, at *1–4 (D. Kan. Aug. 13, 2011) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  Plaintiff's motion does not identify an intervening change in law or new evidence.  Presumably, therefore, plaintiff's motion is based on the need to correct clear error or prevent manifest injustice arising from the fact that he was unable to file a reply in support of his objection to the magistrate judge's report and recommendation.

Objections to the magistrate judge's report and recommendation are governed by Federal Rule of Civil Procedure 72(b).  Neither this rule nor the corresponding local rule gives the objecting party the right to file a reply brief in support of objections to a magistrate judge's report and recommendation regarding a dispositive motion.  *See In re MTC Elec. Techs. Shareholder Litig. v. MTC Elec. Techs. Co.*, 74 F. Supp. 2d 276, 281 n.4 (E.D.N.Y. 1999) (refusing to consider reply memorandum because rules only authorized objections and responses and plaintiff never sought leave to file reply); *Cannon Partners, Ltd. v. Cape Cod Biolab Corp.*, 225 F.R.D. 247, 250 (N.D. Cal. 2003) (refusing to consider plaintiff's reply brief in considering objections to magistrate judge's report because reply is not authorized by the applicable rules); *Mordukhaev v. Daus*, No. 09-5149, 2010 U.S. Dist. LEXIS 102138, at *3 n.1 (S.D.N.Y. Sept. 28, 2010) (same).  Therefore, plaintiff did not have a right to file a reply in support of his objection.  Because plaintiff was not authorized to file a reply, plaintiff has not identified any clear error or manifest injustice requiring the court to alter or amend the judgment.

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration (Doc. 46) is denied.

Dated at this 29th day of September, 2011, at Kansas City, Kansas.

                                             s/ Carlos Murguia
                                             **CARLOS MURGUIA**
                                             United States District Judge