IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MILTON LEE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 10-cv-4126-CM/JPO |
| ) | |
| **CITY OF TOPEKA** and ) | |
| **OFFICER KARR,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion to alter or amend a judgment (Doc. 50). The court entered judgment on September 9, 2011. Plaintiff previously filed two other motions challenging this judgment, and the court has denied both motions. (*See* Docs. 46–49.) In this motion, plaintiff argues that the court's September 9, 2011 judgment must be altered "to correct error or prevent manifest injustice" because the court's June 15, 2011 deadline for seeking leave to amend his complaint did not "prevent the plaintiff from seeking leave to amend his complaint 'to allege facts that are sufficient to support claims based on malicious prosecution of plaintiff.'" (Doc. 50 at 1.)

Plaintiff's motion is not filed within twenty-eight days of judgment, so his motion is considered a motion for relief from final judgment under Federal Rule of Civil Procedure 60(b).[1] Under this rule, the court may relieve a party from final judgment when the "judge has made a substantive mistake of law or fact in the final judgment or order." *Utah ex rel. Div. of Forestry, Fire & State Lands v. United States*, 528 F.3d 712, 723 (10th Cir. 2008) (internal quotations omitted). Whether to grant or deny a motion under this rule is committed to the court's discretion, but "[r]elief

---

[1] The court must construe a *pro se* plaintiff's pleadings liberally and is not bound by his characterization of the requested relief. *Roman-Nose v. N.M. Dep't of Human Res.*, 967 F.3d 435, 436–37 (10th Cir. 1992).

under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996) (internal quotations omitted).

Plaintiff's motion fails to identify any substantive mistake of law or fact justifying relief. Instead plaintiff's motion is a thinly-veiled attempt to misconstrue the court's previous orders. Specifically, the court dismissed plaintiff's original complaint because it failed to set forth facts that would support a finding that plaintiff's July 5, 2010 judicial probable cause hearing was unreasonably delayed. Plaintiff filed a motion to reconsider arguing that his complaint alleged that his <u>arrest</u> was without probable cause and that he was not asserting a claim based on his detention. Based on this clarification, the court granted plaintiff's motion to reconsider on February 22, 2011, reopened the case, and allowed plaintiff until March 1, 2011, to file a motion for leave "to amend his Complaint to allege facts sufficient to support a claim based on Officer Karr's arrest of plaintiff." (Doc. 24 at 5.) The March 1, 2011 deadline was subsequently extended until June 15, 2011.

The court only granted plaintiff the right to seek leave to amend his complaint to allege facts sufficient to support a claim based on Officer Karr's arrest of plaintiff. In other words, plaintiff could only seek leave to include additional facts to support his 42 U.S.C. § 1983 claim. The court did not grant plaintiff the right to seek leave to amend his complaint to include additional substantive claims. Therefore, plaintiff's attempt to add a malicious prosecution claim exceeds the scope of the relief granted by court's February 22, 2011 order. Even assuming plaintiff could seek leave to amend his complaint to include a claim for malicious prosecution, the deadline for seeking leave was June 15, 2011. Plaintiff filed his motion seeking leave to amend to assert this claim on August 24, 2011, which was more than two months past the previously-extended deadline. For these reasons, plaintiff failed to identify any exceptional circumstances or other equitable considerations justifying relief under Federal Rule of Civil Procedure 60(b).

In the order denying plaintiff's previous motion, the court cautioned plaintiff that "repetitious or frivolous filings in this case may result in the imposition of sanctions against him or a restriction on future filings." (Doc. 49 at 2.) The court assumes plaintiff did not see this warning prior to filing the current motion given that the court's order issued the same day the court received plaintiff's current motion. Therefore, the court will not impose sanctions at this time. The court will not be as lenient in the future. To the extent plaintiff disagrees with this court's order, his recourse is through an appeal to the Tenth Circuit.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Alter or Amend a Judgment (Doc. 50) is denied.

Dated at this 14th day of October, 2011, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
United States District Judge