IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MILTON LEE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 10-cv-4126-CM/JPO |
| | ) |
| **CITY OF TOPEKA and** | ) |
| **OFFICER KARR,** | ) |
| | ) |
| **Defendants.** | ) |

## **MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's Motion to Reconsider (Doc. 52), which was filed on October 17, 2011.  As background, this court entered judgment against plaintiff on September 9, 2011.  Since that time, plaintiff has filed motions on September 26, 2011 (Doc. 46), October 7, 2011 (Doc. 48), and October 12, 2011 (Doc. 50), challenging judgment.  The court denied each motion and warned plaintiff in two orders that "repetitious or frivolous filings in this case may result in the imposition of sanctions against him or a restriction on future filings."  (Doc. 49, at 2; Doc. 51, at 3.)

Undeterred by these warnings, plaintiff files the current motion requesting that the court reconsider the order denying plaintiff's October 7, 2011 motion.  The court denied plaintiff's October 7, 2011 motion because "plaintiff's motion fails to identify any new evidence or explain how it would impact any part of the court's decision in this case."  (Doc. 49 at 1.)  Plaintiff's current motion argues that his October 7, 2011 motion identified new evidence that justified altering or amending the September 9, 2011 judgment.  Specifically, plaintiff alleges that the new evidence in his October 7, 2011 motion is that the complaining witness told Officer Karr that plaintiff "threatened to kill him" but told another officer that plaintiff "threatened to cut him."  (Doc. 52 at 1 (emphasis added).)

-1-

The court reiterates that plaintiff has failed to identify new evidence that was previously unavailable. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Instead, the reports underlying plaintiff's new evidence were created on July 4, 2010, and plaintiff has failed to offer any reason why this evidence was not produced earlier. Even assuming that the court considers this to be "new evidence," it does not change the court's judgment that Officer Karr had probable cause to arrest the plaintiff. Plaintiff's current motion is denied.

The court warned plaintiff that additional motions could result in sanctions or restrictions on future filings. But he persisted and filed the current motion. The Tenth Circuit acknowledges that carefully tailored filing restrictions are appropriate to curtail a "lengthy and abusive" litigation history. *Guttman v. Widman*, 188 F. App'x 691, 698 (10th Cir. 2006). The court determines that filing restrictions are appropriate in this case. *See Wedel v. Knobbe*, No. 10-1156-CM, 2010 U.S. Dist. LEXIS 94658, *2–5 (D. Kan. Sept. 10, 2010); *Greenlee v. U.S. Postal Serv.*, No. 06-2167-CM, 2007 U.S. Dist. LEXIS 3897, at *14–16 (D. Kan. Jan. 17, 2007). Therefore, the court enters the following restrictions:

Plaintiff is prohibited from filing another document in this action, Case No. 10-4126-CM/JPO, unless:

(1) he is represented by counsel, or

(2) he first provides a notarized affidavit that verifies with particularity how the contemplated filing entitles him to relief that can be granted. Such affidavit must provide notice of this restriction and must include, as an exhibit, the proposed filing. Upon compliance with these requirements, the court will review the affidavit and proposed filing and determine whether it should be accepted for filing. If plaintiff attempts to file any document that fails to comply with these restrictions, the Clerk of Court is directed not to accept and/or file the document.

Plaintiff has ten days from the date of this order within which to file written objections, limited to five pages, to these proposed restrictions.  If he does not file timely objections, the filing restrictions will take effect ten days from entry of this order.  If plaintiff does file timely objections, these filing restrictions will not take effect unless and until the court rules against plaintiff on his objections, in which case these filing restrictions shall apply to any filing for Case No. 10-4126-CM/JPO after that ruling.

The court determines that these modest restrictions are more than appropriate given the frequency, redundancy, and ineffectiveness of plaintiff's motions.  These restrictions are subject to future modification as this court determines may be necessary.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Reconsider (Doc. 52) is denied.

**IT IS FURTHER ORDERED** that plaintiff is prohibited from filing another document in this action, Case No. 10-4126-CM/JPO, unless:

(1) he is represented by counsel, or

(2) he first provides a notarized affidavit that verifies with particularity how the contemplated filing entitles him to relief that can be granted.  Such affidavit must provide notice of this restriction and must include, as an exhibit, the proposed filing.  Upon compliance with these requirements, the court will review the affidavit and proposed filing and determine whether it should be accepted for filing.  If plaintiff attempts to file any document that fails to comply with these restrictions, the Clerk of Court is directed not to accept and/or file the document.

**IT IS FURTHER ORDERED** that plaintiff has ten days from the date of this order within which to file written objections, limited to five pages, to these proposed restrictions.  If he does not file timely objections, the filing restrictions will take effect ten days from entry of this order.  If plaintiff does file timely objections, these filing restrictions will not take effect unless and until the

court rules against plaintiff on his objections, in which case these filing restrictions shall apply to any filing for Case No. 10-4126-CM/JPO after that ruling.

Dated at this 20th day of October, 2011, at Kansas City, Kansas.

<u>**s/ Carlos Murguia**</u>
**CARLOS MURGUIA**
United States District Judge